```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

ALPHA HOLLOWAY,                    )
                                   )
           Plaintiff,              )
                                   )
      v.                           )        No. 4:07 CV 218 DDN
                                   )
AMERISTAR CASINO ST. CHARLES,      )
INC., et al.,                      )
                                   )
           Defendants.             )
```

**MEMORANDUM**

This action is before the court on the motion of defendants Thomas Benton and Marcelle Behm (Doc. 41) to dismiss the complaint against them. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.)

**I. BACKGROUND**

Plaintiff Alpha Holloway brought this action against defendants Ameristar Casino St. Charles, Inc. (Ameristar), Missouri Gaming Commission, James A. Bennett, Thomas Benton, and Marcelle Behm, following her arrest on November 22, 2002, while she was on the Ameristar Casino property.[1] The arrest was in response to an alleged fight between the plaintiff and two other individuals. A criminal information was filed against Holloway in the Circuit Court of St. Charles County, though the prosecutor ultimately filed a memorandum of nolle prosequi and dismissed the criminal charges. Holloway alleges that she was subjected to physically abusive conduct and excessive force as part of the arrest. Holloway invokes the subject matter jurisdiction granted to this court by 28 U.S.C. § 1343 (civil rights violations) and § 1367 (supplemental jurisdiction). (Doc. 1.)

---

[1] On July 27, this court issued an order, dismissing the Missouri Gaming Commission, and dismissing counts against Ameristar and Bennett. (Doc. 33.); Holloway v. Ameristar Casino St. Charles, Inc., No. 4:07 CV 218 DDN, 2007 WL 2199566 (E.D. Mo. July 27, 2007).

Holloway filed her federal complaint on January 26, 2007, alleging that Benton and Behm are Ameristar employees, each engaged in security operations for the casino. (Doc. 1 at 2-3.) The complaint contains eleven counts, though only two counts are against Benton and Behm. Specifically,

1. Count X asserts a claim against defendant Benton for violation of plaintiff's civil rights based on the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

2. Count XI asserts a claim against defendant Behm for violation of plaintiff's civil rights based on the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

Each count seeks compensatory and punitive damages, interest thereon, attorney's fees, and costs. (Id. at 17-18.)

## II. MOTION TO DISMISS STANDARD

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). The Supreme Court recently issued a new standard for evaluating motions to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Despite overruling the Conley standard, the Supreme Court cautioned that it had not created a heightened pleading standard. Bell Atlantic, 127 S. Ct. at 1973 n.14, 1974.

Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Bell Atlantic, 127 S. Ct. at 1974. If the claims are merely conceivable - but not plausible - the court must dismiss the complaint. Id. To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 1965. A complaint does not, however, need specific facts; a complaint only needs to "give the defendant fair

notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). That said, the allegations must still be enough to "raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

A complaint must be liberally construed in the light most favorable to the plaintiff. See Bell Atlantic, 127 S. Ct. at 1964-65. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. at 1965. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 1973 n.14, 1974.

## III. DISCUSSION

In their motion, Benton and Behm claim Holloway has failed to allege sufficient facts to state a plausible claim for relief. More specifically, the defendants claim Holloway has not supported her claim that the defendant security personnel acted under color of state law. (Doc. 42.) Holloway did not file a response.

Section 1983 creates a cause of action for litigating alleged civil rights violations.[2] Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). To state a claim for a § 1983 violation, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged

---

[2] 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

deprivation was committed by a person acting under color of state law. Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997).

"[U]nder color of state law" imposes the same requirements as the "state action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982). As a general rule, § 1983 will not reach the conduct of private parties acting in their individual capacities. Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (noting that "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.") Drawing a line between private and government conduct preserves individual freedoms, limits the reach of federal law, and insures that constitutional standards are invoked only when the state is responsible for the alleged conduct. Lindsey, 484 F.3d at 827.

As an initial matter, a private individual acting under color of state law may be sued under § 1983. See Lindsey, 484 F.3d at 827; see also Crumpley-Patterson, 388 F.3d at 590. In that sense, the cardinal question is not whether a private individual is a "person" under § 1983, but whether the individual was acting under color of state law. See Lindsey, 484 F.3d at 827. A private party acts under color of state law where it is "a willful participant in joint activity with the State or its agents in denying a plaintiff's constitutional rights." Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005).

In Lindsey, several casino patrons sued the casino owner under § 1983 after they were detained by casino security officers. Lindsey, 484 F.3d at 825. In affirming the grant of summary judgment, the Sixth Circuit Court of Appeals found the plaintiffs could not prove that the casino and its employees were acting under color of state law for § 1983 purposes. Id. at 831. Private security officers, unlicensed by the state, do not act under color of state law. Id. at 830; see also Wade v. Byles, 83 F.3d 902, 906 (7th Cir. 1996) (holding that unlicensed private security guard was not acting under color of state law, even though the guard could carry a handgun, make arrests, and use deadly force in self-defense).

Private security officers, who are licensed by the state, can be considered state actors. <u>Lindsey</u>, 484 F.3d at 829. By licensing private security guards, the state takes a role in vetting the officers' qualifications, subjecting the officers to certain state statutes, and authorizing the private officers to make arrests. <u>Id.</u> The official grant of some elements of police power means a § 1983 suit can proceed against a company employing licensed private security guards. <u>Id.</u> at 831; <u>see also</u> <u>Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.</u>, 184 F.3d 623, 630 (7th Cir. 1999).

In <u>Payton</u>, the Seventh Circuit found that the City of Chicago had licensed a private security guard, subjecting the guard "to all the rules and regulations governing police officers of the city." <u>Id.</u> at 630. This grant of authority meant an employer's security guard could be acting under the color of state law and the plaintiff could survive the motion to dismiss. <u>Id.</u> at 630, 633. In <u>Payton</u>, the plaintiff's complaint specifically alleged that the hospital's security guards were "duly appointed and anointed . . . peace officers of the City of Chicago." <u>Id.</u> at 625-26.

Holloway's complaint in the case at bar does little more than allege the "labels and conclusions" discouraged by <u>Bell Atlantic</u>. The complaint states that Benton and Behm were "at all times acting under color of State law," but offers no support for that conclusion. There is no allegation that either Benton or Behm acted in joint activity with any specific state actor. Missouri law provides for the licensing of private security guards by local governments. Mo. Rev. Stat. § 71.195. Yet, the complaint makes no reference to that provision. Unlike <u>Payton</u>, there is no allegation that the defendant security officers were licensed or appointed by local government. Even drawing all reasonable inferences from the complaint in Holloway's favor, the court concludes that plaintiff has not given Benton or Behm "fair notice of what the claim is and the grounds upon which it rests." <u>See</u> <u>Erickson</u>, 127 S. Ct. at 2200. The complaint does not include enough facts to state a claim that either Benton or Behm acted under color of state law.

For these reasons the motion of defendants Benton and Behm to dismiss (Doc. 41) the complaint against them is granted with respect to

both their official and individual capacities.  An order in accordance with this memorandum is filed herewith.

                                   /S/ David D. Noce
                             **UNITED STATES MAGISTRATE JUDGE**

Signed on September 25, 2007.