```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

ALPHA HOLLOWAY,                  )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    No. 4:07 CV 218 DDN
                                 )
AMERISTAR CASINO ST. CHARLES,    )
INC., JAMES A. BENNETT,          )
and MERCILE BEHM,                )
                                 )
              Defendants.        )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants Ameristar Casino St. Charles, Inc. (Ameristar) and Mercile Behm to dismiss Counts VII and XI of the amended complaint, and to strike the requests for attorneys' fees and prejudgment interest in Counts I, III, and V.[1] (Doc. 54.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.)

**I. BACKGROUND**

On January 26, 2007, plaintiff Alpha Holloway brought this action against defendants Ameristar, the Missouri Gaming Commission, James A. Bennett, Mercile Behm, and Thomas Benton, following her arrest on November 22, 2002, while she was on the Ameristar Casino property. The arrest was in response to an alleged fight between the plaintiff and two other individuals. A criminal information was filed against Holloway in the Circuit Court of St. Charles County, though the prosecutor ultimately filed a memorandum of nolle prosequi and dismissed the criminal charges. Holloway alleged that she was subjected to physically abusive conduct and excessive force as part of the arrest, and invoked the subject matter jurisdiction granted to this court by 28 U.S.C.

---

[1]The claims in Holloway's amended complaint are not numbered sequentially. Instead, the amended complaint has retained the numbering from the original complaint. (See Docs. 1, 48.) The court will refer to the Counts as Holloway has numbered them.

§ 1343 (civil rights violations) and § 1367 (supplemental jurisdiction). (Doc. 1.)

On July 27, 2007, this court issued an order, dismissing the Missouri Gaming Commission, and dismissing without prejudice counts against Ameristar and James Bennett. (Doc. 33.) On September 25, 2007, this court issued another order, dismissing without prejudice the counts against Thomas Benton and Mercile Behm. (Docs. 43-44.) On November 20, 2007, Holloway filed her amended complaint, with additional factual allegations, and the following claims:

1. Count I asserts a claim for assault and battery against Ameristar.

2. Count II asserts a claim for assault and battery against Bennett.

3. Count III asserts a claim for false arrest and false imprisonment against Ameristar.

4. Count IV asserts a claim for false arrest and false imprisonment against Bennett.

5. Count V asserts a claim for malicious prosecution against Ameristar.

6. Count VI asserts a claim for malicious prosecution against Bennett.

7. Count VII asserts a claim against defendant Ameristar for violation of plaintiff's civil rights based on the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

8. Count IX[2] asserts a claim against defendant Bennett for violation of plaintiff's civil rights based on the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

9. Count XI[3] asserts a claim against defendant Behm for violation of plaintiff's civil rights based on the Fourth, Eighth, and Fourteenth Amendments, as well as 42 U.S.C.

---

[2]See footnote 1.

[3]See footnote 1.

§ 1983 and the laws and Constitution of the State of Missouri.

Each count seeks compensatory and punitive damages, interest, attorneys' fees, and costs.

## II. MOTION TO DISMISS

Ameristar and Behm move to dismiss Count VII and Count XI. The defendants argue that the amended complaint fails to allege sufficient facts to support the contention that they acted under color of state law. The defendants also argue that Ameristar cannot be held liable on the basis of respondeat superior, and that the amended complaint fails to allege sufficient facts to support the contention that Ameristar acted according to a custom or policy. Next, the defendants argue that Counts VII and XI are barred by the statute of limitations. Finally, the defendants argue that the amended complaint fails to provide fair notice of what the claims are and the grounds upon which they rest. (Docs. 55, 69.) Holloway disputes each of these points. (Doc. 62.)

## III. DISCUSSION

The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). In 2007 the Supreme Court issued a new standard for evaluating motions to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Despite overruling the Conley standard, the Supreme Court cautioned that it had not created a heightened pleading standard. Bell Atlantic, 127 S. Ct. at 1973 n.14, 1974.

Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Bell Atlantic, 127 S. Ct. at 1974. If the claims are merely conceivable - but not plausible - the court must dismiss the complaint. Id. To meet the

plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 1965. A complaint does not, however, need specific facts; a complaint only needs to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). That said, the allegations must still be enough to "raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

A complaint must be liberally construed in the light most favorable to the plaintiff. See Bell Atlantic, 127 S. Ct. at 1964-65. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. at 1965. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 1973 n.14, 1974.

**State Action Requirement**

Ameristar and Behm argue that the amended complaint fails to allege sufficient facts to support the contention that they acted under color of state law.

Section 1983 creates a cause of action for litigating alleged civil rights violations.[4] Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). To state a claim for a § 1983 violation, a plaintiff must allege (1) the violation of a right secured by the

---

[4]42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997).

"[U]nder color of state law" imposes the same requirements as the "state action" requirement of the Fourteenth Amendment. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929 (1982). As a general rule, § 1983 will not reach the conduct of private parties acting in their individual capacities. Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."). Drawing a line between private and government conduct preserves individual freedoms, limits the reach of federal law, and insures that constitutional standards are invoked only when the state is responsible for the alleged conduct. Lindsey, 484 F.3d at 827.

As an initial matter, a private individual or corporation acting under color of state law may be sued under § 1983. See Lindsey, 484 F.3d at 827; see also Crumpley-Patterson, 388 F.3d at 590. In that sense, the cardinal question is not whether a corporation or individual is a "person" under § 1983, but whether the corporation or individual was acting under color of state law. See Lindsey, 484 F.3d at 827. A private party acts under color of state law where it is "a willful participant in joint activity with the State or its agents" in denying a plaintiff's constitutional rights. Dennis v. Sparks, 449 U.S. 24, 28 n.4 (1980); Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005).

Despite these general rules, application of the state action requirement is one of more difficult and troublesome areas of civil rights litigation. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995). As the Supreme Court has noted, determining whether particular conduct constitutes private action or state action "frequently admits of no easy answer." Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974). More to the point, the Supreme Court has declined to decide whether, and under what circumstances, private security guards are acting under color of state law. Lindsey,

484 F.3d at 828 (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 163 n.14 (1978)).

In this case, Holloway has alleged sufficient facts to survive the motion to dismiss. A private security guard, licensed by the state, may be considered a state actor under § 1983. Lindsey, 484 F.3d at 829. Under Eighth Circuit precedent, "state action is present when private security guards and police officers act in concert to deprive a plaintiff of [her] civil rights . . . ." Murray v. Wal-Mart, Inc., 874 F.2d 555, 559 (8th Cir. 1989) (citing El Fundi v. Deroche, 625 F.2d 195, 196 (8th Cir. 1980) (per curiam)). In her amended complaint, Holloway alleges each of these facts. She alleges Mercile Behm was a private security guard employed by Ameristar, and licensed by the City of St. Charles and the State of Missouri. (Doc. 48 at ¶ 5.) Holloway also alleges that Behm acted with James Bennett, a Missouri State Highway Patrol Trooper, in violating her civil rights. (Id. at ¶¶ 4, 20-25, 31-33, 109.) Accepting these facts as true, Holloway has alleged sufficient facts to show Behm acted under color of state law.

A private corporation may also be considered a state actor under § 1983. See Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007); see also Murray, 874 F.2d at 58-559 (affirming jury verdict against Wal-Mart in § 1983 action). When deciding whether a corporation is acting under color of state law, the test is whether the corporation maintains an unconstitutional policy or custom, or whether an individual representing the company has taken actions inflicting an injury actionable under § 1983. Smith, 499 F.3d at 880; Crumpley-Patterson, 388 F.3d at 590. To survive a motion to dismiss, the plaintiff does not have to specifically plead the existence of an unconstitutional policy or custom. Crumpley-Patterson, 388 F.3d at 590. Indeed, before discovery, a plaintiff may not be aware of the facts necessary to accurately describe or identify the policies or customs that may have caused the deprivation of her constitutional rights. Id. At the same time, the complaint must allege, at a minimum, "facts which would support the existence of an unconstitutional policy or custom." Id.

In her amended complaint, Holloway alleges that Ameristar willfully participated with Trooper Bennett to deprive her of her constitutional

rights, and that Ameristar created a policy or custom under which unconstitutional practices occurred. (Doc. 48 at ¶¶ 88, 93.) She alleges that she was grabbed, restrained, and assaulted by Ameristar employees. (Doc. 48 at ¶¶ 9-10.) She also alleges that Ameristar employees did not provide her with medical treatment in a timely manner, refused to state their names, and coaxed Trooper Bennett into having her sign her name with an "x." (Id. at ¶¶ 25, 26, 30.) Finally, Holloway alleges that Ameristar edited tape-recordings of the incident, and did so according to a company custom and practice. (Id. at ¶¶ 34-36.) Looking to Crumpley-Patterson, these alleged facts could plausibly support the existence of an unconstitutional policy or custom.

**Respondeat Superior**

Ameristar and Behm argue that Ameristar cannot be held liable on the basis of respondeat superior, and that the amended complaint fails to allege sufficient facts to support the contention that Ameristar acted according to a custom or policy.

A private corporation will only be liable under § 1983 for its own unconstitutional policies. Crumpley-Patterson, 388 F.3d at 590. A private corporation cannot be held liable under § 1983 on a theory of respondeat superior. Smith, 499 F.3d at 880. The rational for this principle is simple: a corporation should not be liable solely for employing a tortfeasor, or for employee actions of which the company is unaware. Id. at 881 n.4.

In this case, Holloway alleges that Ameristar directly committed the unconstitutional acts in the amended complaint. Her allegations against the casino do not rely on the theory of respondeat superior. And as noted above, her complaint alleges sufficient facts to support the contention that Ameristar acted according to a custom or policy.

**Statute of Limitations**

The defendants argue Counts VII and XI are barred by the statute of limitations, and cannot be saved by any savings statute.

There is no general federal statute of limitations applicable to claims brought under § 1983. Duisen v. Adm'r and Staff, Fulton State

Hosp. No.1, Fulton, Mo., 332 F. Supp. 125, 127 (W.D. Mo. 1971). Instead, the federal courts borrow the applicable state statute of limitations for personal injury torts. Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). In Missouri, the relevant limitations period for general personal injury torts is five years. Mo. Rev. Stat. § 516.120(4). Accordingly, the applicable limitations period for claims brought under § 1983 is five years. Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005). The language of Wallace has not changed the limitation period; the Eighth Circuit and this court continue to apply a five-year statute of limitations for § 1983 claims. See Bell v. Missouri, No. 07-2089, 2007 WL 3243615, at *1 (8th Cir., Nov. 5, 2007) (unpublished per curiam); Duvall v. Maxey, No. 2:07 CV 47 ERW, 2008 WL 249825, at *1 (E.D. Mo., Jan. 29, 2008).

In this case, Holloway alleges her civil rights were violated on November 22, 2002. (Doc. 48 at ¶ 6.) She filed her original complaint on January 26, 2007, and filed her amended complaint on November 20, 2007. (Docs. 1, 48.) The defendants argue that the amended complaint should be considered filed on December 14, 2007, the date on which the court granted leave to file the amended complaint. (Doc. 52.) However, a complaint is constructively filed as of the date the clerk receives the complaint - provided all other requirements are ultimately met. See McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996). "[T]he filing date for purposes of the statute of limitations is the date on which the complaint was lodged with the Clerk of the Court . . . ." Smith v. Planned Parenthood of St. Louis Region, 327 F. Supp. 2d 1016, 1020 (E.D. Mo. 2004). In this case, the amended complaint was properly filed and received on November 20, 2007. Counts VII and XI are not time-barred.

**Fair Notice**

Ameristar and Behm argue that the amended complaint fails to provide fair notice of what the claims are and the grounds upon which they rest.

While a complaint does not need specific facts, it must "give the defendant fair notice of what the claim is and the grounds upon which

- 8 -

it rests." Erickson, 127 S. Ct. at 2200. As noted above, Holloway's amended complaint alleges sufficient facts to support the contention that Behm and Ameristar were state actors, and that Ameristar was acting according to a custom or policy. The amended complaint therefore provides fair notice of what the claims are and the grounds upon which they rest.

### IV. MOTION TO STRIKE

The defendants move to strike the request for attorneys' fees and prejudgment interest in Counts I, III, and V. (Doc. 54.) The plaintiff concedes this point. (Doc. 62 at 8.) The motion to strike is therefore granted.

### V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Ameristar Casino St. Charles, Inc. and Mercile Behm to dismiss Counts VII and XI of the amended complaint (Doc. 54) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants Ameristar Casino St. Charles, Inc. and Mercile Behm to strike the request for attorneys' fees and prejudgment interest in Counts I, III, and V (Doc. 54) is sustained.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 19, 2008.