UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALPHA HOLLOWAY,              )
                             )
        Plaintiff,            )
                             )
    v.                        )        No. 4:07 CV 218 DDN
                             )
AMERISTAR CASINO ST. CHARLES, )
INC., JAMES A. BENNETT,       )
and MERCILE BEHM,             )
                             )
        Defendants.           )

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant Ameristar Casino St. Charles, Inc., for a protective order (Doc. 120). A hearing was held on the motion on January 8, 2009.

In its motion defendant Ameristar sought an order prohibiting plaintiff's expert from having access to and inspecting the casino's surveillance rooms and from demanding access to the casino's original video security camera surveillance recordings, as set forth in the Notice issued by plaintiff, dated December 17, 2008, Doc. 119, Ex. A.

In response, plaintiff argues that the need for the inspection is established by the contradictory information provided by the defendant about why the incident underlying plaintiff's basic claims in this action was not successfully recorded by the casino's security camera and monitoring equipment, and that the asserted failure of the equipment to record the incident violated the law of Missouri regulating casinos.

At the hearing on this matter, plaintiff and defendant agreed that defendant would make available to plaintiff copies of the original incident video recordings and that the deposition of defendant's witness, Walt Sirorine, would be taken by January 24, 2009.

Defendant argues that the acquiring of defendant's security camera information by the plaintiff's expert would compromise the ability of the defendant to maintain the proper security of the areas at issue in compliance with Missouri casino regulations. At the hearing, counsel for defendant indicated that plaintiff's expert can examine, in defense counsel's office, the recording equipment that was believed at one time to have been used by defendant at the time of the incident (the so-

called "20-20" recording device).[1] It is access to the security monitoring casino control room by defendant's expert, that defendant objects to. Further, defendant had no objection to providing plaintiff's expert with access to any device in the possession of the defendant that could have been used to alter the original surveillance recording.

From the information provided by the parties to the court during the hearing, the recordings at issue in the discovery dispute before the court fall into at least three categories: (1) 9 original audio-video cassette tape recordings generated by defendant's surveillance cameras at the time of plaintiff's alleged incident; (2) a compilation of "dubbed" relevant portions of the original tapes, made in response to plaintiff's claim; and (3) copies of either (1)[2] or (2).

It was disclosed at the hearing that defendant had not copied the original of the full recordings. Defendant's counsel also indicated that plaintiff's expert has had[3] and can have access to review the original recordings. Further, defense counsel indicated that defendant would make the original recordings available for real time reviewing and copying by plaintiff's representative and expert.

The court determined and ordered at the hearing that, before the court would consider allowing plaintiff's expert access to the defendant's surveillance security control room, defendant and

---

[1]More recently it appears that the actual equipment used by defendant to record at the time of the alleged incident is denominated "40-40" equipment, which is no longer available to the defendant to produce to the plaintiff for inspection. However, plaintiff's counsel at the hearing indicated that her expert was able to investigate this type of equipment on the internet.

[2]It was disclosed at the hearing that plaintiff and defendant had not been able to agree on the procedure for making complete copies of the original tape recordings, because plaintiff's expert had indicated that the copying of the original recordings needed to be done in real time and not by high speed copying equipment. Rather, plaintiff's expert was able to make a copy of only a portion of the original recordings.

[3]The parties dispute whether defendant had limited plaintiff's access to view the original recordings.

plaintiff's expert must cooperate to produce another set of first generation, real time copies of the original recordings of the defendant's security cameras at the time of the incident alleged by the plaintiff.

At the hearing, the court gave the parties 30 days to accomplish the reviewing and copying of the original surveillance tapes and then to report to the court on any continuing need for plaintiff's expert to have access to the defendant's control room to accomplish the necessary discovery. The court also allowed the parties to consider jointly moving for a continuation of the trial and related proceedings.

Following the hearing held on January 8, 2009, to the date of this order, no party has filed any report to the court that the motion of defendant for a protective order remains at issue, the parties have not filed any joint proposed amended scheduling order, and no party has filed, or sought to file, a pretrial dispositive motion.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the defendant for a protective order (Doc. 120) is sustained.

**IT IS FURTHER ORDERED** that the final pretrial conference will be held on March 25, 2009, at 9:00 a.m. The parties will select a jury that day at 2:00 p.m.

**IT IS FURTHER ORDERED** the jury trial of this action remains set for March 30, 2009, at 9:00 a.m..

**IT IS FURTHER ORDERED** that, not later than March 14, 2009, the parties shall file their papers in compliance with the Case Management Order of the court (Doc. 68).

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 25, 2009.

- 3 -